IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| S.F., E.F., J.S. and R.R., on behalf of themselves and other similarly situated individuals,<br><br>     **Plaintiffs,**<br><br>vs.<br><br>**CIGNA HEALTH and LIFE INSURANCE COMPANY, CIGNA BEHAVIORAL HEALTH, SLALOM INC. HEALTHCARE BENEFIT PLAN, and THE TIDES FOUNDATION HEALTH & WELFARE PLAN,**<br><br>     **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-CV-213-DAK-JCB<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

   This matter is before the court on Plaintiffs' Motion to Amend [ECF No. 61]. Defendants Cigna Health and Life Insurance Company and Cigna Behavioral Health, Inc.'s (collectively "Cigna") and Defendant Slalom LLC Healthcare Benefit Plan have opposed the motion, and Plaintiffs have filed a reply. Accordingly, the motion is fully briefed. The court concludes that oral argument would not assist the court in deciding the present motion. Therefore, the court enters the following Memorandum Decision and Order based on the parties' briefs and the law and facts relevant to the motion.

   Plaintiffs filed their Motion to Amend twenty-nine days after the court entered judgment in Defendants' favor. Plaintiffs' Notice of Appeal divested this court of jurisdiction because a motion to amend is not the type of motion allowed after a party files a notice of appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); Fed. R. App. P. 4(a)(4)(B)(i). Although FRCP 15(a) states that leave to amend is typically "freely given," the Tenth Circuit has

explained that "this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed." *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087-88 (10th Cir. 2005). The Tenth Circuit has held that "[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."

Plaintiffs acknowledge that jurisdiction in this matter transferred to the Tenth Circuit when they filed their Notice of Appeal and that the time for Plaintiffs to file a motion under FRCP 59 has passed. Plaintiffs, however, argue that the court should wait to consider the present motion until after the Tenth Circuit has decided the appeal. Plaintiffs also, alternatively, argue that they may still file a Rule 60(b) motion and that this court should delay ruling on the present motion to amend until the potentially future Rule 60(b) motion is filed and decided.

The court, however, finds Plaintiffs motion to be untimely under Tenth Circuit precedents. Plaintiffs cannot file a Rule 59 motion and have not filed a Rule 60(b) motion. Moreover, Plaintiffs alternative plans for filing a Rule 60 motion appear to be merely to justify their untimely motion to amend. Until such time as Plaintiffs file a good faith Rule 60(b) motion, the motion to amend is improper. The court disagrees with Plaintiffs' assertion that a motion to amend is needed on the docket to move things forward more quickly if the Tenth Circuit reverses this court. If the case is reversed and remanded, the court and parties can quickly address the mater on remand as is directed by the Tenth Circuit. It is unknown whether the present motion to dismiss will address anything that might be included in the Tenth Circuit's decision. If a party does not intend to pursue a motion, a party should not file the motion, especially one that appears to be procedurally improper. Furthermore, Plaintiffs have not established that they did not have a basis for filing the present motion to amend before the court ruled on the prior motions and entered judgment.

Plaintiffs cannot wait to see what the court rules and then move to amend after an unfavorable ruling. Plaintiffs had access to the information they seek to add in an amended complaint before the court entered its decision. Accordingly, the court finds that Plaintiff's unduly delayed in bringing the present motion to amend and denies the motion [ECF No. 61] as untimely.

DATED this 1st day of October 2024.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge